*In re* JOHNSTON.

COLLEGES AND UNIVERSITIES—MEDICAL STUDENT—EXAMINATION—MANDAMUS.

Claims by plaintiff, a medical student, in mandamus proceeding that he was deprived of a contractual right to a degree of doctor of medicine by the university and that the regents and dean of the medical school had unlawfully delegated their powers to a national board of medical examiners *held,* without merit.

Original mandamus by James H. Johnston against the University of Michigan, its regents and the dean of the medical school, to compel granting degree of doctor of medicine, and against the State Board of Registration in Medicine to compel it to give petitioner examination determining qualifications for license to practice medicine. Submitted November 13, 1961. (Calendar No. 48,242.) Writ denied and petition dismissed March 15, 1962.

*Frazer & Popkin* (*Hiram Y. Popkin,* of counsel), for plaintiff.

*Burke, Burke & Ryan,* for defendants Regents of the University of Michigan and Dean of the Medical School of the University of Michigan.

SOURIS, J. Some time after plaintiff entered the medical school of the University of Michigan, all

REFERENCES FOR POINTS IN HEADNOTES
55 Am Jur, Universities and Colleges § 24.

senior students were required to take an examination sponsored by a national board of medical examiners. Upon failing portions of that examination, which plaintiff took in April of 1958, he was required to submit himself for comprehensive oral examinations by the faculty in each of the subjects he failed on the national board examination. Again, he failed at least 1, and possibly 2, of the subjects on which he was orally examined. For these reasons, the plaintiff was not awarded his medical degree in June of 1958 and, without that degree, could not take the State board examination for license to practice medicine in Michigan which he had been scheduled to take on June 9, 10, and 11, 1958.

Plaintiff seeks our writ of mandamus to compel defendants to confer upon him a medical degree and to give plaintiff the State board examination for license to practice medicine.

I concur in dismissal of this petition for want of merit in plaintiff's claims that he was deprived of a contractual right and that the defendants unlawfully delegated their powers to a national board of medical examiners. I would also award costs to the defendants.

DETHMERS, C. J., and CARR, KELLY, BLACK, KAVANAGH, and OTIS M. SMITH, JJ., concurred.

ADAMS, J., took no part in the decision of this case.